UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
v.                                  )            3:22-CR-22-KAC-DCP-2
                                    )
ASHLEY L. GRIGSBY,                  )
                                    )
            Defendant.              )

## ORDER DENYING MOTIONS

Before the Court are three (3) pro se Motions filed by Defendant Ashley L. Grigsby [Docs. 65,[1] 67, 68], requesting jail credit or a sentence reduction. On May 19, 2026, the United States filed a consolidated response in opposition [*See* Doc. 71]. For the reasons below, the Court denies the Motions.

A federal grand jury indicted Defendant on March 16, 2022 [Doc. 3]. At that time, Defendant was in state custody on state charges [*See* Doc. 16 at 1]. But pursuant to a writ of habeas corpus *ad prosequendum*, Defendant was transferred from state to federal custody on May 10, 2022 pending completion of proceedings in this case [*See* Docs. 16; 24 at 1]. While in federal custody, Defendant pleaded guilty to Count One of the Indictment, [*see* Doc. 37], and the Court ultimately sentenced her to 144 months' imprisonment on May 12, 2023, [*see* Doc. 58 at 1-2]. Following sentencing, Defendant was returned to state custody.

In April 2024, upon resolution of the state charges, Defendant was transferred to federal custody to complete her federal sentence [*See* Docs. 71, 71-1 at 1]. Defendant is currently housed

---

[1] Defendant filed her motion on a stock Section 2255 Motion form [*See* Doc. 65 at 1]. But she does not seek habeas relief under Section 2255.

at FPC Alderson in West Virginia [*See* Doc. 68-1]. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/(last visited June 22, 2026).

Defendant filed three (3) pro se Motions. Liberally construing the filings to her benefit, Defendant makes two interrelated requests. ***First***, she asks the Court to "grant" credit for time she served in state custody from "5-17-23 to 2-8-24"[2] [*See, e.g.*, Doc. 65 at 12]. Defendant argues that while in state custody, she missed out on earning "good time" credit under the First Step Act ("FSA") [*See* Doc. 68 at 1 ("that cost me 15 days per month I could have earned in FSA, days that come off my sentence")]. ***Second***, Defendant asks the Court to award FSA or other "credit" or generally reduce her federal sentence based on participating in "Post Sentencing Rehabilitation Programming" while incarcerated [*See* Doc. 67 at 1, 6-9].

As an initial matter, "the power to grant [jail] credit" "lies solely with the Attorney General and the Bureau of Prisons." *See United States v. McKenzie*, No. 22-3713, 2023 WL 3829173, at *1 (6th Cir. June 1, 2023) (citing *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)). In other words, the Court lacks authority to grant Defendant "credit" for time served in state custody. The Bureau of Prisons (BOP), not the Court, "has the responsibility for administering" federal sentences. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). And this "responsibility" includes granting any credits based on a defendant's "productive activities," such as participation in BOP programming. *See* 18 U.S.C. § 3631(b) (designating to the Attorney General the authority to "develop recommendations regarding evidence-based recidivism reduction programs and productive activities" and "determine when to provide incentives and rewards for successful participation in" those programs and activities); *id.* at § 3632(d)(4) (providing for "time credits for

---

[2] To the extent Defendant requests credit for time she served in state custody from March 12, 2022 to May 11, 2023; it appears that she has already received credit for that time [*See* Doc. 71-1 at 2].

2

every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities"). So, to the extent Defendant requests credit for her participation in such activities, [*see, e.g.*, Doc. 68 at 9 (listing BOP programs that may qualify for FSA earned time credits)], the Court lacks authority to grant that request, *see* 18 U.S.C. § 3631(b).

28 U.S.C. § 2241 does provide a potential avenue for a defendant seeking to challenge BOP's administration of a sentence, including its calculation of credit. *See, e.g.*, *Hargrove v. Healy*, 155 F.4th 530, 532 (6th Cir. 2025); *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Defendant previously attempted to pursue that avenue in this Court [*See* 3:26-CV-142-KAC-DCP, Doc. 1]. But as the Court notified Defendant then, this is not the appropriate forum in which to seek Section 2241 relief because Defendant is not housed in this district [*See* 3:26-CV-142-KAC-DCP, Doc. 4 (transferring Defendant's Section 2241 petition to the proper court)]. *See also United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004). If Defendant seeks to challenge BOP's calculation of credit, she must do so in the proper Court following the appropriate procedures.

Moving to Defendant's request for a "reduction" in sentence, a district court generally "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Defendant identifies no statute authorizing the relief she seeks.[3] But to the extent her request for a sentence "reduction" could be construed as a motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A), Defendant fails to provide any evidence that she administratively exhausted that

---

[3] Defendant cites "18 U.S.C. § 3742(e)" in support of a "reduction" [*See* Doc. 68 at 3]. But that statute outlines the procedures the **United States Courts of Appeals** must follow when reviewing federal sentences. *See* 18 U.S.C. § 3742. It does not authorize this **District Court** to grant a reduction in sentence on this record.

claim. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring defendant to "fully exhaust[]" administrative remedies before a court may modify a term of imprisonment). And the United States has raised administrative exhaustion [*See* Doc. 71 at 6]. So, that request would fail too. *See* United States v. Alam, 960 F.3d 831, 832-34 (6th Cir. 2020).

Accordingly, the Court **DENIES** Defendant Ashley Grigsby's pro se Motions [Docs. 65, 67, 68].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

4